IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR S-02-0468-MCE-CMK |
|---|---|
| Respondent, | CIV S-10-1330-MCE-CMK |
| vs. | FINDINGS AND RECOMMENDATIONS |
| J. TYLER REVES, | |
| Movant. | |
| _____/ | |

Movant, proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is movant's motion to vacate (Doc. 680), respondent's opposition thereto (Doc. 687), and movant's motion for leave to file an amended motion (Doc. 723).

Respondent opposes the motion to set aside as untimely filed.

Motions under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28

U.S.C. § 2255. Typically, the statute of limitations will begin to run on the date the judgment of conviction became final. See 28 U.S.C. § 2255(1); see also United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Guided by the Supreme Court's definition of finality set forth in Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), the Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners.[1] Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [the movant] could have sought review by direct appeal." Schwartz, 274 F.3d at 1223.

Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal judgment must be filed within ten days after entry of judgment. Therefore, where no direct appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment of conviction. See id. If a direct appeal is filed, the conviction becomes final when the 90-day period for filing a petition for certiorari has elapsed or certiorari has been denied. See United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (citing Griffith, 479 U.S. at 321 n.6). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run on the effective date. See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (concluding that Monreals's motion was due by April 23, 1997 – one year after April 24, 1996); see United States v. Skurdal, 341 F.3d 921, 924 n.2 (9th Cir. 2003) (concluding that Skurdal's § 2255 motion was due by April 23, 1997, because his conviction became final before the effective date); but c.f. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) (concluding, in the context of a habeas corpus petition filed by a state prisoner whose conviction became final before the effective date, that the one-year limitations period began to run the day after the effective date). Finally, the limitations period under § 2255

---

[1] The Ninth Circuit has also held that there is no reason to distinguish between the limitations periods imposed on state prisoners under § 2244(d)(1) and federal prisoners under § 2255. See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).

is subject to equitable tolling where extraordinary circumstances beyond the movant's control made it impossible to file a motion on time.  See United States v. Battles, 362 F.3d 1195,  1197 (9th Cir. 2004) (citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

Here, movant plead guilty in 2005, and judgment was entered June 9, 2005.  He did not appeal this conviction.  His motion to set aside the judgment was not filed until May 27, 2010, well after the one-year statute of limitations.  Movant claims he is entitled to relief because the Ninth Circuit Court of Appeal overturned the theory behind his conviction.  Thus, as a matter of law, he cannot be guilty of a material false statement, as he plead.  While this may be true, and that issue is not properly before the court, a motion to set aside pursuant to 28 U.S.C. § 2255 is not the appropriate method in which to challenge that theory.  Therefore, while movant's motion should be denied, it should be denied without prejudice to his ability to file for any other appropriate relief.[2]

In addition, movant's motion for leave to file an amended motion does not cure the statute of limitations issue present in this matter.  The motion should therefore be denied.

Based on the foregoing, the undersigned recommends that:

1. Movant's motion to vacate (Doc. 680) be denied, without prejudice, as untimely; and

2. Movant's motion for leave to file an amended motion (Doc. 723) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

/ / /

/ / /

---

[2] The court notes that two of movant's prior co-defendants have successfully filed a writ of error coram nobis and have had their convictions set aside.

objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 20, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE